FILED

2006 May-03  PM 02:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOSEPH YOUNG, et al.,          }
                               }
      Plaintiffs,              }
                               }      CIVIL ACTION NO.
v.                             }
                               }      01-AR-1151-S
NEW PROCESS STEEL, L.P.,       }
                               }
      Defendant.               }

## MEMORANDUM OPINION AND ORDER

On March 30, 2006, this court entered its latest order in this case.  *See Young v. New Process Steel*, ____ F. Supp. 2d ____, 2006 WL 891040 (N.D. Ala.).  The said order was in direct and careful response to the Eleventh Circuit's opinion of August 9, 2005, and the mandate issued on March 22, 2006, after *certiorari* was denied by the Supreme Court.  *See Young v. New Process Steel*, 419 F.3d 1201 (11th Cir. 2005).  These two opinions are required reading for a full understanding of this opinion.  Following the instructions from the Eleventh Circuit, this court on March 30, 2006, found that the appeal taken by plaintiffs on November 21, 2003, from the final judgment entered against them on October 23, 2003, was unreasonable.  The court imposed a cost bond of $61,000 on plaintiffs pursuant to Rule 7, F.R.App.P.  Posting the bond was made an express prerequisite to plaintiffs' right to appeal.  Instead of posting the bond, plaintiffs, on the very next day, March 31, 2006, filed their third notice of appeal in this case.  They had appealed on

November 21, 2003, from the final judgment of October 23, 2003.

They appealed again on March 25, 2004, from the order of March

15, 2004, in which the court imposed a Rule 7 bond on them, as it

turned out using the wrong criteria.  It was that appeal to which

the Eleventh Circuit responded on August 9, 2005, holding, *inter*

*alia*, that a Rule 7 bond cannot include attorneys' fees under a

fee-shifting statute unless the trial court first finds that the

appeal was "frivolous, unreasonable or groundless".

Defendant, New Process, predictably, again invokes Rule 7.

This time New Process requests that a Rule 7 bond be fixed in the

amount of $10,000 as a pre-condition to plaintiffs' appeal from

the fixing of the earlier $61,000 Rule 7 bond, which, if lawfully

imposed on March 30, 2006, and admittedly not posted, will cause

the appeal of March 31, 2006, to be dismissed by the Eleventh

Circuit on proper motion.  It follows that if this court now

properly follows the directions of the Eleventh Circuit, imposes

a lawful new Rule 7 bond, and the bond is not posted, the appeal

of March 31, 2006, must be dismissed, in which event the appeal

of November 21, 2003, will also have to be dismissed because the

Rule 7 bond required for that appeal was not posted as would have

been lawfully ordered.  This is called the reverse domino effect

or a house of cards.

The court has read and digested the well written brief

submitted by plaintiffs in response to New Process's new Rule 7

motion, and has heard and considered the eloquent oral arguments made by skilled advocates on both sides of the issue.  The court sees no profit in a repetition of the entire history of this controversy, or of the various arguments and counter arguments. It will clearly appear from a cursory reading of the two above-referenced published opinions, one by the Eleventh Circuit and one by this court, that the question now before this court is the same question that the court undertook to answer on March 30, 2006, following the clear and carefully reasoned opinion of the Eleventh Circuit explaining what Rule 7 calls upon the trial court to do in a fee-shifting case in which the possible attorneys' fee to be incurred by a prevailing appellee is taxable as costs.  The question was then, and is now, whether the appeal was "frivolous, unreasonable or groundless".  These are the critical words that were used by the Supreme Court in *Christianburg Garment Company v. EEOC*, 434 U.S. 412, 98 S. Ct. 694 (1978), the case found by the Eleventh Circuit to be controlling.

There are material differences between the earlier Rule 7 inquiry that led to the opinion of March 30, 2006, and the inquiry now being undertaken as a consequence of plaintiffs' March 31, 2006, appeal of the March 30, 2006 order.  The first obvious difference is in the size of the bonds.  New Process earlier sought, and the court imposed, a Rule 7 bond in the

substantial amount of $61,000.  The posting of that bond, as of

now, is a prerequisite to plaintiffs' appeal of November 21,

2003, from the final judgment entered against them after the jury

verdict.  New Process's present request is for a bond in the

considerably lesser sum of $10,000.  This new request

appropriately reflects fewer predicted attorneys' hours for

defending the new and narrower appeal than for defending the

appeal on the merits, an appeal which has been held in abeyance

by the Eleventh Circuit.  While the criteria for evaluating

plaintiffs' two pending appeals are the same for Rule 7 purposes,

it does not automatically follow from a finding that the main

appeal filed on November 21, 2003, was unreasonable that the new

appeal of March 31, 2006, was also unreasonable.  The issues

faced by the Eleventh Circuit are different.  Therefore, the new

appeal must be looked at separately to see if it has sufficient

merit to avoid being found to be "frivolous, unreasonable or

groundless".

Emphasized by plaintiffs in their response to New Process's

present Rule 7 motion is the fact that in its opinion of March

30, 2006, the court erroneously stated that plaintiffs did not

file a post-trial motion pursuant to Rule 59, F.R.Civ.P., after

the jury verdict and judgment were entered against them on

October 23, 2003.  If, instead of appealing on March 31, 2006,

plaintiffs had filed a motion to reconsider or to alter the

opinion of March 30, 2006, pointing out the court's mistake, the court would gladly have corrected it, acknowledging that it recited an incorrect procedural fact, occasioned by the passage of time and the lapse of memory, but the court would have reached the same result, and the court would probably have added that it was only because the jury verdict of October 23, 2003, rendered moot New Process's motion filed during trial pursuant to Rule 50, F.R.Civ.P., that the court did not grant judgment as a matter of law in favor of New Process.  This is, of course, only "what might have been", because plaintiffs appealed on March 31, 2006, as fast as they could get to the computer terminal.

Potentially, if not actually, the present Rule 7 motion creates the conundrum of an endless series of appeals from sequential impositions of Rule 7 bonds, creating a unique, intriguing and tempting legal question that may have been beyond plaintiffs' and defendant's abilities to resist taking to the Eleventh Circuit.  New Process's new request may wind up having been a strategic error.  Nevertheless, it requires that the court decide whether or not plaintiffs' new appeal is "frivolous, unreasonable or groundless".  Upon reflection, the court concludes that the appeal does come within one or more of the descriptive terms in *Christianburg*.  It is "frivolous"; it is "unreasonable"; and it is "groundless"; or it is at least one of these things.  The primary reason for arriving at this conclusion

is that plaintiffs are purporting to appeal from an opinion and order that this court wrote in strict compliance with the express mandate of the Eleventh Circuit.  The Eleventh Circuit did not order the evidentiary hearing that plaintiffs, after-the-fact, now demand.  The fact that plaintiffs were not satisfied with their only partially successful appeal from the first imposition of a Rule 7 bond does not justify an attempt to have the whole Rule 7 question revisited, especially in view of the endless series of appeals that can be started if and when plaintiffs appeal from today's imposition of a new Rule 7 bond, and more especially when the proposed $10,000 amount of the newly requested bond is not contested by plaintiffs.

Plaintiffs' motive in filing tomorrow's almost certain appeal from this order, while declining to post another Rule 7 bond, arguably will not only be to attack anew the concept of imposing Rule 7 bonds upon non-prevailing plaintiffs, but to frustrate the collection of the court costs of approximately $50,000 taxed against these particular plaintiffs on January 30, 2004, and not superceded.  Tomorrow's appeal may be a good tactic, but that will not prevent it from being just as unreasonable as were the appeals taken on November 21, 2003, and on March 31, 2006, if not more so.

In accordance with the foregoing, and pursuant to Rule 7, F.R.App.P., defendant's motion invoking that rule is GRANTED.

Plaintiffs shall post a bond in the sum of $10,000, the
reasonably anticipated costs of defending the appeal, including
attorneys' fees, in a form and with a surety approved by the
Clerk, **within fourteen (14) days**, after which, if not posted, New
Process shall be permitted to file with the Eleventh Circuit a
motion to dismiss the recent appeal of March 31, 2006.

If, as night follows day, plaintiffs do file a timely notice
of appeal from this order without posting the required bond, the
first matter logically to be addressed by the Eleventh Circuit
will be to take up "tomorrow's" appeal and to review this order
for possible abuse of discretion, that is, unless New Process
requests a third Rule 7 bond, and the process is repeated.  The
words "*ad infinitum*" come to mind as more descriptive of this
case than the terms "frivolous", "unreasonable", or "groundless"
describe the appeals.  Of course, as progressive appeals are
taken and corresponding Rule 7 motions are filed, New Process may
keep reducing the amount of each requested Rule 7 bond to reflect
progressively simpler appellate issues, until the court fixes a
bond in an amount so small that plaintiffs will post it, and the
process will come to an end.  Only if that happens or the parties
tire of fighting over Rule 7 can the main appeal be decided.
Maybe by the time this case comes back to this court with a final
mandate from the Eleventh Circuit, the undersigned senior judge,
for one reason or another, will no longer be taking cases as

challenging as this one.

     DONE this 3rd day of May, 2006.


                                     _____
                                     WILLIAM M. ACKER, JR.
                                     UNITED STATES DISTRICT JUDGE