IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOSEPH YOUNG, et al.,            }
                                 }
     Plaintiffs,                 }
                                 }     CIVIL ACTION NO.
v.                               }
                                 }     01-AR-1151-S
NEW PROCESS STEEL, L.P.,         }
                                 }
     Defendant.                  }

**MEMORANDUM OPINION AND ORDER**

On July 14, 2006, this court heard oral argument on several defendant's motions that had been held pending plaintiffs' appeal, upon which the mandate has now been issued.

The first and perhaps most important defendant's motion is the motion filed on November 6, 2003, shortly after judgment on the verdict was entered against plaintiffs. This motion seeks the court's approval of defendant's bill of costs and an award of attorneys' fees in the sum of $1,241,960.60 against the four plaintiffs and their attorneys. Defendant invokes Rule 54, F.R.Civ.P., 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), and 28 U.S.C. § 1927. Although both plaintiffs and their attorneys deny any obligation to defendant for defendant's attorneys' fees, they do not seriously challenge the claimed hourly rates for defendant's lawyers or the reasonableness of the hours they spent in defending the case.

The bill of costs, as distinguished from the post-judgment application for attorneys' fees, is hereby REFERRED to the cost

clerk for disposition, as is the routine practice in this court. The court will limit itself here to the consideration of defendant's claim for attorneys' fees and legal expenses not routinely taxable as costs.

Insofar as the application for attorneys' fees relies on 42 U.S.C. § 1988 and/or 42 U.S.C. § 2000e-5(k), it cannot be aimed at plaintiffs' attorneys. Attorneys for a losing party are immune from the taxation of attorneys' fees as part of the costs.

Insofar as the losing plaintiffs themselves are vulnerable to fee-shifting attorneys' fees, there is a marked difference between the judging of the merits of plaintiffs' abortive appeal, which has been found to be without merit, and the merits of their district court complaint, which, after some trimming, went to a jury after the denial of defendant's motion for summary judgment and after a hard fought trial on the merits. Although a prevailing plaintiff who sues under 42 U.S.C. § 1981 and/or 42 U.S.C. § 2000e is automatically entitled to an attorney's fee against a losing defendant, it is highly unusual for a prevailing defendant to obtain attorneys' fees from a losing plaintiff in employment civil rights cases. This case was not so lacking in merit as to permit a million dollar attorney's fee to be assessed against the non-prevailing plaintiffs.

Insofar as defendant's present motion relies on 28 U.S.C. § 1927, alleging that plaintiffs and their attorneys were obstructionists and created unnecessary legal expenses for

defendant, constituting sanctionable conduct, the motion is duplicative of other pending sanctions motions which are hereby DEFERRED in order to give Gregory Wiggins, whose name was mentioned at the hearing on July 14, 2006, but who was not present, an opportunity to obtain counsel or to appear *pro se* and to show cause in writing **by 4:30 p.m., August 11, 2006**, if he can do so, why he should not be sanctioned pursuant to one or more of defendant's motions, separate and apart from any sanction to be imposed on his law firm and/or on his clients.

Defendant's motion filed on November 6, 2003, is DENIED, but without prejudice to the other motions that remain pending and will be ruled on after Gregory Wiggins responds in writing or does not respond.

DONE this 26th day of July, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE