FILED

2006 Aug-30  AM 08:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOSEPH YOUNG, et al.,          }
                               }
        Plaintiffs,            }
                               }          CIVIL ACTION NO.
v.                             }
                               }          01-AR-1151-S
NEW PROCESS STEEL, L.P.,       }
                               }
        Defendant.             }

**MEMORANDUM OPINION**

_____During this judge's 24 years on the bench, he has been
assigned some other cases that he remembers as being difficult,
and that involved contentious lawyers and parties who played
hardball, including indulging in conduct that arguably might be
sanctionable under 28 U.S.C. §1927, but the above-entitled case
is unique.  It will forever stand out in this court's rapidly
fading memory as a case in which one of the lawyers was
sufficiently aggravating that he invited motions for sanctions.
Consideration of those motions was postponed until the very last
item on the court's agenda, largely because sanctions motions are
distasteful.  During this judge's 24 years, he can only remember
one other occasion when he sanctioned a lawyer.

     The court conducted a lengthy hearing on the various
sanction motions filed by defendant, New Process Steel, L.P.
("New Process").  Because Gregory Wiggins ("Wiggins"), the
primary object of New Process's complaints of misconduct, was not
present at the hearing, the court granted Wiggins personally an

opportunity to respond in writing to defendant's motions, and he did so.  His defenses to New Process's claims that he engaged in vexatious conduct that multiplied proceedings range from "mistake", to "inadvertence", to "legitimate reaction to New Process's tactics that constituted a 'scorched earth defense'", to problems with his personal calendar that failed to fit into the schedule of events suggested by New Process and/or ordered by the court.

It became clear fairly early in this case that bad blood between counsel was boiling.  Wiggins and counsel for defendant got on each other's nerves.  Tit-for-tat was the order of the day, but the court has no doubt that, on balance, Wiggins was more at fault than counsel for defendant for the delays that occurred.  The heat generated no light while the delays caused by Wiggins were resulting in unnecessary legal expenses for New Process.  Having been a trial lawyer for 30 years before "retiring" to a 24-year career as a judge, this court knows that usually a lawyer's best tactic is to get along with his or her fellow lawyers and do everything within reason to provide a friendly litigating atmosphere, unless it interferes with the lawyer's obligation to discharge his primary responsibility, namely, to advocate the legitimate positions of his client.  From earlier experiences with Wiggins, the court knows that he is either stretched too thin by handling too many cases, or he was

incapable of keeping the number of balls bouncing that he has tossed into the air.  He could and should have anticipated, and therefore avoided, some of the problems he created.  The fact that he did not participate in the ultimate trial on the merits of this case, or in the subsequent appeals, may say something about his performance during the earlier stages of the case, including the mistrial that resulted from his clients' inexcusable approach to a juror.  After his departure, his firm's clients were well served by other lawyers.  While he was personally representing the plaintiffs a noxious atmosphere pervaded.

Wiggins informs the court that he has never been sanctioned before.  As already indicated, this judge is not a sanctioning judge, but if vexatiousness that contributes to multiplicity and delay is sanctionable conduct, Wiggins should be sanctioned, even though the court can understand how Wiggins may have angrily overreacted to New Process's insistence on moving the case to an early disposition.

It is difficult, if not impossible, to delineate nicely and precisely between sanctionable conduct and conduct that is merely aggravating or bothersome.  Tracing out the attorneys' fees and expenses incurred by New Process that are attributable to Wiggins's sanctionable shortcomings is a problem that could provide as much work for this court as a trial on the merits.

There was, of course, an enormous amount of lawyer effort put forth by New Process in discovery, as well as in overcoming what it asserts was unnecessary and unreasonable conduct by Wiggins, such as the filing of the original complaint for three plaintiffs without authority from them.  The said three original plaintiffs informed the court in open court that Wiggins did not have authority to file the complaint for them.  This was a "mistake" by Wiggins that created an unnecessary hearing.  Another example of aggravation is that through a surrogate, Wiggins misinformed a third-party witness that she was not required to respond to a deposition subpoena served by New Process.  These are only isolated episodes, but they illustrate a cavalier attitude and intransigence in Wiggins that courts should not have to tolerate.

The court does not feel it necessary to critique Wiggins's performance as to each and every matter or incident New Process complains of.  Some are slight, and some defy explanation.  It is the totality or aggregate conduct that calls for sanction, whether under §1927 or pursuant to the inherent power of the court to move cases expeditiously toward resolution with a minimum of acrimony and a minimum of court intervention.

Even without *Amlong & Amlong, P.A. v. Denny's, Inc.*, ____ F.3d ____ (11th Cir., July 31, 2006), this court would know that there is a critical distinction between negligent conduct by a lawyer and objective bad faith that is so obstructive to the

litigation process that it is tantamount to bad faith and that becomes sanctionable under §1927.  Wiggins's conduct crossed that line.

New Process seeks to recover from Wiggins a very substantial amount of attorneys' fees which it says were caused by his sanctionable conduct and that should be laid at his feet. Without undertaking the virtually impossible task of tracing particular fees to particular misconduct, the court will enter a separate order sanctioning Wiggins in the amount of $5,000.  This is far less than New Process asks for, but hopefully enough to get Wiggins's attention.  All other defendant's requests for sanctions will be denied.

DONE this 30th of August, 2006.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE